**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*                       :    Case No. 08-13555 (JMP)
                                                               :
                    Debtors.                                   :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x
---------------------------------------------------------------x
THE OFFICIAL COMMITTEE OF UNSECURED                            :
CREDITORS OF LEHMAN BROTHERS                                   :
HOLDINGS INC., et al.                                          :
                                                               :
                    Plaintiff,                                 :    Adv. Proc. No. 09-01733 (JMP)
v.                                                             :
                                                               :
LEHMAN BROTHERS HOLDINGS INC.,                                 :
LEHMAN BROTHERS INC., LB 745 LLC, and                          x
BARCLAYS CAPITAL INC.                                          
                                                               
                    Defendants.                                
---------------------------------------------------------------

**STIPULATION AND ORDER BETWEEN THE DEBTORS,**
**TRUSTEE, COMMITTEE AND BARCLAYS CAPITAL INC.**
**CONCERNING CERTAIN CLAIMS MADE IN ADVERSARY COMPLAINTS**
**FILED BY LBHI, SIPA TRUSTEE AND CREDITORS COMMITTEE**

WHEREAS, the following motions have been filed with the Court seeking, *inter alia*, modifications of (i) the Court's Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 20, 2008, or (ii) the Court's Order Approving, and Incorporating by Reference for Purposes of this Proceeding, an Order Authorizing the Sale of Purchased Assets and Other Relief in the Lehman Brothers

Holdings Inc. Chapter 11 Proceeding; or both such Orders (individually or collectively, the "Sale Order"):

(1)  Debtor's Motion for An Order, Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. 9024, Modifying the September 20, 2008 Sale Order and Granting Other Relief, dated September 15, 2009 ("LBHI's Motion");

(2)  The Trustee's Motion for Relief Pursuant to the Sale Order or, Alternatively, for Certain Limited Relief Under Rule 60(b), dated September 15, 2009 ("Trustee's Motion"); and

(3)  Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al., Pursuant to 11 U.S.C. §§ 105(a), Fed. R. Civ. P. 60(b), and Fed. R. Bankr. P. 9024, For Relief From Order Under 11 U.S.C. §§ 105(a), 363 and 365 and Federal Rule of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 20, 2008 (and Related SIPA Sale Order) and Joinder In Debtor's and SIPA Trustee's Motions for an Order Under Rule 60(b) to Modify Sale Order ("Committee's Motion");

(4)  Motion of Lehman Brothers Holdings Inc., Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Modifying The SIPA Sale Order and Joinder in Official Committee of Unsecured Creditors' Motion for Relief From SIPA Sale Order ("LBHI's Joinder"); and

(5)  The Trustee's Motion to Join in Debtors' Motion for an Order Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. 9024, Modifying the September 20, 2009 Sale Order and Granting Other Relief ("LBI's Joinder," and collectively with the above-referenced motions, the "Rule 60 Motions").

WHEREAS, pursuant to paragraph 1 of the Scheduling Order concerning Certain Motions Filed by LBHI, SIPA Trustee and Creditors Committee "so ordered" by the Court on October 27, 2009, the following adversary complaints have also been filed with the Court:

(A)  Lehman Brothers Holdings Inc., v. Barclays Capital, Inc., Adv. Proc. No. 09-01731 (JMP) ("LBHI's Adversary Complaint");

(B)  James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc., v. Barclays Capital Inc., Adv. Proc. No. 09-01732 (JMP) ("Trustee's Adversary Complaint"); and

(C)  The Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.v. Lehman Brothers Holdings Inc., Lehman Brothers Inc., LB 745 LLC, and Barclays Capital Inc., Adv. Proc. No. 09-01733 (JMP) ("Committee's Adversary Complaint," and collectively with the above-referenced adversary complaints, the "Rule 60 Movants' Adversary Complaints").

WHEREAS, pursuant to paragraph 1 of the Scheduling Order concerning Certain Motions Filed by LBHI, SIPA Trustee and Creditors Committee "so ordered" by the Court on October 27, 2009, the parties have met and conferred on November 25, 2009 and on December 1, 2009 to attempt to agree upon which claims in the Rule 60 Movants' Adversary Complaints shall be resolved through the resolution of the Rule 60 Motions and which claims shall be stayed pending such resolution.

WHEREAS, counsel for Barclays Capital Inc. ("Barclays"), Lehman Brothers Holdings Inc. ("LBHI"), James W. Giddens, as Trustee for the SIPA liquidation of Lehman Brothers Inc. (the "Trustee"), and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. ("Creditors Committee") have agreed that certain claims made in the Rule 60 Movants' Adversary Complaints shall necessarily be resolved through the resolution of the Rule 60 Motions, while certain other claims made in the Rule 60 Movants' Adversary Complaints may not be resolved through the resolution of the Rule 60 Motions, but may instead require further adjudication.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. All claims made in the Rule 60 Movants' Adversary Complaints are stayed for purposes of any formal response deadlines or other deadlines governing adversary proceedings set forth in the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or Local Rules of the United States Bankruptcy Court for the Southern District of New York.Barclays, LBHI and the Trustee consent to the Creditors Committee's intervention in this adversary proceeding.  The Creditors Committee will have any and all rights that are available to it as a party in interest to intervene in the adversary proceedings initiated by LBHI's Adversary

Complaint and the Trustee's Adversary Complaint under Rule 24 of the Federal Rules of Civil Procedure as made applicable by Rule 7024 of the Federal Rules of Bankruptcy Procedure.

  2. The following claims made in the Rule 60 Movants' Adversary Complaints shall be resolved through the resolution of the Rule 60 Motions because the issues raised by those claims are also raised by the Rule 60 Motions; accordingly, the parties' Rule 60 briefs, including the Rule 60 Motions, shall be treated as dispositive motions, and any evidentiary hearing that is required by the Court to resolve the Rule 60 Motions shall also be used to resolve these claims:

> <u>Claims made in LBHI's Adversary Complaint</u>:  Count III (Unauthorized Post-Petition Transfers – Bankruptcy Code § 549); Count IV (Recovery of Avoided Transfers – Bankruptcy Code § 550); Count V (Recovery of Excess Collateral on Liquidation of Repurchase Agreement – Bankruptcy Code § 542 and 559); Count VI (Disallowance of Claims Under Bankruptcy Code § 502(d)); and Count IX (Declaratory Judgment – 28 U.S.C. §§ 2201, 2202).
>
> <u>Claims made in the Trustee's Adversary Complaint</u>:  Count I (Declaratory Judgment under 28 U.S.C. § 2201 - DTCC Clearance Box Assets); Count II (Declaratory Judgment under 28 U.S.C. § 2201- OCC Margin and Clearing Funds); Count III (Declaratory Judgment under 28 U.S.C. § 2201 - Funds at Other Exchanges); Count IV (Declaratory Judgment under 28 U.S.C. § 2201 - $769 Million in Rule 15c3-3 Securities Or Substantially Similar Securities); Count V (Avoidance of Transfers and Recovery of Property under §§ 549 and 550 of the Bankruptcy Code); Count VII (Turnover of Property under § 542 of the Bankruptcy Code); Count VIII (Recovery of Approximately $1.1 Billion in DTCC Clearance Box Securities under § 548 of the Bankruptcy Code); Count IX (Fraudulent Conveyance under § 273 of the New York Debtor & Creditor Law, as made applicable by § 544(b) of the Bankruptcy Code); Count X (Recovery of the Excess Value of the Repo Securities under §§ 559 and 542 of the Bankruptcy Code); and Count XIV (Disallowance of Claims under § 502(d) of the Bankruptcy Code).
>
> <u>Claims made in the Committee's Adversary Complaint</u>:  Count I (Declaratory Judgment as to Clarification Letter pursuant to 28 U.S.C. §§ 2201, 2202); Count II (Accounting); and Count III (Attorneys' Fees, 28 U.S.C. § 2202).

  3. The following claims made in the Rule 60 Movants' Adversary Complaints shall not be resolved through the resolution of the Rule 60 Motions; any response (whether by

4

Answer or motion) to these claims shall be due thirty (30) days after entry by the Court of an order resolving the Rule 60 Motions or such other time as the Court may determine:

> <u>Claims made in LBHI's Adversary Complaint</u>:  Count I (Aiding and Abetting Breach of Fiduciary Duty); Count II (Breach of Contract); Count VII (Unjust Enrichment); and Count VIII (Conversion).
>
> <u>Claims made in the Trustee's Adversary Complaint</u>:  Count VI (Avoidance of Transfer and Return of Customer Property under SIPA); Count XI (Breach of Contract); Count XII (Conversion – Money Had and Received); and Count XIII (Aiding and Abetting Breach of Fiduciary Duty).

    4. The stay of claims referenced in paragraph 3, above, is without prejudice to any party's ability to seek resolution of those claims through motions informed by or based on the Court's prior resolution of the Rule 60 Motions.

    5. Subject to an exception for Count VI (Avoidance of Transfer and Return of Customer Property under SIPA) in the Trustee's Adversary Complaint, the stay of claims referenced in paragraph 3, above, shall not operate to delay delivery or return of any assets that the Court orders to be delivered or returned as part of its resolution of the Rule 60 Motions.  This paragraph is without prejudice to any party's ability to seek an appeal or a stay pending appeal or to seek immediate enforcement of the Court's order resolving the Rule 60 motions regardless of the stay of Count VI, on the ground that the Court's order requires dismissal of that claim.

Dated: New York, New York
December 18, 2009

By: *s/Hamish P.M. Hume*
Jonathan D. Schiller
Hamish P.M. Hume
Jack G. Stern
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
(212) 446-2300

Attorneys for Barclays Capital Inc.

By: *s/James Tecce*
James Tecce
Erica Taggart
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
51 Madison Avenue
New York, NY 10010
(212) 849-7000

Special Counsel to the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc., et al.

By: *s/Robert W. Gaffey*
Robert W. Gaffey
William J. Hine
JONES DAY
222 East 41st Street
New York, NY 10017
(212) 326-3939

Special Counsel to Debtors and Debtors in Possession

By: *s/Neil J. Oxford*
William R. Maguire
Seth D. Rothman
Neil J. Oxford
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**SO ORDERED:**

Dated: New York, New York
January 6, 2010

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge